**E-FILED**
Friday, 12 August, 2005  01:16:30 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

|  |  |  |
|---|---|---|
| **STEVEN L. KARRAKER, MICHAEL A. KARRAKER, and CHRISTOPHER M. KARRAKER,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **No. 02-2026** |
| **RENT-A-CENTER, INC., J. ERNEST TALLEY, and ASSOCIATED PERSONNEL TECHNICIANS,** | ) ) ) ) ) | |
| **Defendants.** | ) ) ) | |

**O P I N I O N**

This matter is before the court on remand from the Seventh Circuit Court of Appeals.  By

way of background, on January 28, 2002, Plaintiffs Steven L. Karraker, Michael A. Karraker, and

Christopher M. Karraker, filed a Complaint (#1) against Rent-A-Center (RAC) and J. Ernest Talley.

On March 22, 2002, Plaintiffs filed an Amended Complaint (#4) and added Associated Personnel

Technicians (APT) as a Defendant.  In their Amended Complaint, Plaintiffs sought to initiate a class

action lawsuit against Defendants alleging that RAC required all employees or outside applicants

seeking management positions to submit to a battery of nine separate written tests.  This battery of

tests was commonly referred to as the Management Test.  One of the individual exams included in

the Management Test was the Minnesota Multiphasic Personality Inventory (MMPI).  The MMPI

is a psychological test used by psychologists to diagnose and treat individuals with abnormal

psychological symptoms and personality traits.  Plaintiffs further alleged that RAC sent the completed Management Test answer sheets to APT, which scored the tests and prepared a two-page psychological profile on each tested employee.

On January 8, 2003, this court entered an Order (#70) granting Plaintiffs' Motion to File a Second Amended Complaint adding claims based upon the Americans with Disabilities Act (ADA). Plaintiffs' Second Amended Complaint (#72) was filed on January 8, 2003.  The Second Amended Complaint included a Count II brought by Steven Karraker ("Karraker") against RAC based upon the ADA.  Karraker was the only named Plaintiff in the ADA count because he was the only Plaintiff who filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  Karraker alleged that he was employed by RAC from September 1997 to March 2001. Karraker alleged that he took the Management Test in 1997 and 1999.  He was not promoted following taking the test.  Karraker also alleged that he was fired on March 15, 2001, in retaliation for protesting the Management Test and because of the results of the Management Tests he took. Karraker further stated that he was bringing the action on behalf of himself and all other persons similarly situated.    Subsequently, Plaintiffs filed a Motion to Certify Class (#99) and RAC filed a Motion for Partial Summary Judgment (#106).    On February 17, 2004, this court entered an Order (#151) granting in part and denying in part RAC's Motion for Partial Summary Judgment. Summary judgment was entered in favor of RAC on Karraker's ADA claims of denial of promotions and retaliatory discharge.  Karraker's claims based upon discriminatory termination and administration of the Management Test remained pending.  This court also granted in part and denied in part Plaintiffs' Motion to Certify Class.  Along with certain state law claims, a class was certified as to Karraker's ADA claim based upon the administration of the Management Test.  The

class was defined as, "All past and present employees of Defendant RAC in Illinois who took the APT Management Test."  Class certification was denied as to Karraker's claim of denial of promotions in violation of the ADA because that claim was untimely.

Plaintiffs and Defendants both subsequently filed motions for summary judgment.  On May 7, 2004, this court entered an Order (#183) granting summary judgment in favor of Defendants on all of Plaintiffs' claims except for Karraker's termination claim.  The parties subsequently submitted a Stipulation (#185) dismissing Karraker's termination claim.  An appeal followed in which Plaintiffs argued this court erred in finding the use of the MMPI did not violate the ADA, dismissing Karraker's failure to promote claim, and dismissing Karraker's state law claim of public disclosure of private facts.  The Seventh Circuit issued its decision on June 14, 2005, affirming the dismissal of Karraker's failure to promote claim and Plaintiffs' public disclosure of public facts claim while reversing and remanding so summary judgment could be entered in favor of Plaintiffs on their claim that the MMPI is a medical examination under the ADA.

On July 11, 2005, this court entered a text order re-opening this matter and granting summary judgment in favor of Plaintiffs on their claim that the MMPI is a medical examination under the ADA.  The court ordered Plaintiffs to file a brief regarding the relief sought in this matter.  On July 25, 2005, Plaintiffs filed their position (#207) and a memorandum in support (#208).  RAC filed its response (#213) on August 8, 2005, along with a memorandum in support (#214).  Plaintiffs have also filed a Bill of Costs (#210) and RAC has filed an Objection (#212).

Plaintiffs seek a variety of relief as a result of the Seventh Circuit's decision on appeal. Initially, Plaintiffs seek a declaration that Defendant RAC violated the Americans with Disabilities Act.  In its text order of July 11, 2005, this court entered summary judgment on Plaintiffs' ADA

claim that the Management Test was a prohibited medical examination under the ADA. Therefore, the court finds this request for relief is MOOT. Plaintiffs also seek entry of judgment in favor of Plaintiffs and the class against RAC on Count II of the Second Amended Complaint. As just noted, this court has already granted summary judgment on the portion of count II relating to the Management Test. The remainder of Count II relates to Karraker's failure to promote claim. This court previously granted summary judgment in favor of RAC on this claim, and that ruling was upheld by the Seventh Circuit.

Plaintiffs also seek the following relief from this court to which RAC consents: (1) order RAC to make a diligent search of its Illinois stores, offices of district and regional managers with authority over stores in Illinois, corporate headquarters and storage facilities to find the results of the Management Test scores of Illinois RAC employees and narratives and any copies thereof; and (2) order RAC to remove the Management Test scores and narratives for its Illinois employees from its Illinois stores, from its district and regional managers' offices, from corporate headquarters and from storage. Plaintiffs also ask that this court order RAC to: (1) store the Illinois empoyees' APT Management Test scores and narratives in a locked file cabinet at RAC's corporate headquarters with only its Chief Executive Officer to have access to these documents; (2) not to relay any information contained in the MMPI scores and narratives contained in the Management Test scores to anyone except as required by law; (3) if any request to release the scores and narratives is made to RAC, RAC is to notify Plaintiffs' attorneys of that request and allow them seven days to respond before releasing the scores and narratives; (4) not consider the scores or narratives in making any employment decision for its Illinois employees; and (5) report back to this Court and to Plaintiffs as to all steps taken to comply with this order by September 15, 2005, and be compelled to report

back to class counsel every five years to certify it has continued to abide by the terms of this injunction.  In its Response, RAC indicates it has offered to destroy all test results and any copies thereof for employees and former employees of RAC stores located in Illinois.  RAC also agreed never to utilize the test scores for any purpose in the future.  This court therefore orders RAC to comply with this destruction of the test results.  Plaintiffs have ten days from the entry of this order to object to this procedure if Plaintiffs feel they need access to these documents for the present litigation.

In addition, Plaintiffs request this court amend the Class Certification Order entered in this case on February 17, 2004, by modifying the class definition to include, not only all Illinois employees who took the APT Management Test, but also all persons who were denied the opportunity to receive promotions as a result of Defendant RAC's use of the APT Management Test.  Plaintiffs further ask this court to enter judgment for the individual members of the class for back pay and front pay wages as a result of these lost promotions.  In support of this request, Plaintiffs correctly argue that class certification may be modified after further discovery or events which alter the parameters of the case since decisions on certification are usually made early in the case.  See Buycks-Roberson v. Citibank Fed. Sav. Bank, 162 F.R.D. 322, 328-29 (N. D. Ill. 1995).  However, while a modification can made after the initial certification, class certification may only be amended or altered "before final judgment."  Fed. R. Civ. P. 23(c)(1)(C); Buycks-Roberson, 162 F.R.D. at 329.  This court's order on class certification was entered on February 17, 2004.  It was in that order that this court entered judgment in favor of RAC and against Karraker on his failure to promote claim, thus denying class certification on that claim.  Plaintiffs did not file a motion to reconsider that order.  Final judgment was entered in this case on June 2, 2004.  Plaintiffs did not challenge the

scope of the class certification on appeal. Accordingly, this court concludes that it is far too late for Plaintiffs to seek to amend the scope of the class at the current time. Therefore, this request for relief is DENIED. Furthermore, Plaintiffs' request to obtain the addresses of Illinois RAC employees to advise the employees of their possible rights is not appropriate in light of this ruling because injunctive relief is the only relief available. See Smith v. Shawnee Library Sys., 60 F.3d 317, 321 ("The court has discretion whether to notify class members" where the class seeks only declaratory or injunctive relief pursuant to Rule 23(b)(2).).

Finally, Karraker requests a trial be set as to his termination claim and RAC agrees this should be done. Accordingly, the court sets a telephone status conference for August 26, 2005, at 10:00 a.m. to discuss the scheduling of the trial in this matter. With regard to attorney fees and costs for Plaintiffs, the court will address that matter at the conclusion of the litigation. Plaintiffs also ask that the three named Plaintiffs be compensated for the burden of representing the class. However, neither Michael Karraker or Christopher Karraker prevailed on any claims for which they were class representatives. Therefore, they are not entitled to compensation. The court will take up the issue of Stephen Karraker's compensation with the issue of attorney fees at the conclusion of the litigation.

The Seventh Circuit in its decision also indicated that costs on the appeal were to be awarded to Plaintiffs. Federal Rule of Appellate Procedure 39(d)(1) states that "[a] party who wants costs taxed must – within 14 days after entry of judgment – file with the circuit clerk, with proof of service, an itemized and verified bill of costs." In the instant case, the mandate from the Court of Appeals was docketed July 8, 2005. Plaintiffs filed their Bill of Costs (#210) on July 27, 2005. Defendant RAC correctly points out in its Objections to Plaintiffs' Bill of Costs (#212) that Plaintiffs

did not file for costs in a timely manner pursuant to Rule 39.  Therefore, Plaintiffs' Bill of Costs is

DENIED.


IT IS THEREFORE ORDERED:

(1) Plaintiffs' request that this court declare RAC violated the ADA and enter summary

judgment in favor of Plaintiffs on the claim that the Management Test is a medical test under the

ADA is MOOT because this relief has previously been granted by the court.

(2) Defendant RAC is ordered to make a diligent search of its Illinois stores, offices of

district and regional managers with authority over stores in Illinois, corporate headquarters and

storage facilities to find the results of the Management Test scores of Illinois RAC employees and

narratives and any copies thereof and remove the Management Test scores and narratives for its

Illinois employees from its Illinois stores, from its district and regional managers' offices, from

corporate headquarters and from storage.

(3)  RAC is ordered to destroy the Management Test results and not consider the scores or

narratives in making any employment decision for its Illinois employees.  However, Plaintiffs have

ten days from the entry of this order to object to the destruction of documents if Plaintiffs feel they

need access to these documents for the present litigation.  RAC should not destroy any test results

prior to ten days from entry of this order.

(4) Plaintiffs' requested relief of amending the class certification order is DENIED.

(5) A telephone status conference is set for August 26, 2005, at 10:00 a.m. to discuss the scheduling of the trial in this matter

(6) The court will address the issue of attorney fees and costs, as well as compensation for Karraker as class representative, at the conclusion of this litigation.

(7) Plaintiffs' Bill of Costs (#210) is DENIED as untimely.


ENTERED this12th day of August, 2005.


**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
CHIEF JUDGE