UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| STEVEN L. KARRAKER, MICHAEL A. KARRAKER, and CHRISTOPHER M. KARRAKER, ) ) ) ) ) Plaintiffs, ) ) v. ) ) RENT-A-CENTER, INC., J. ERNEST TALLEY, and ASSOCIATED PERSONNEL TECHNICIANS, ) ) ) ) Defendants. ) ) | No. 02-2026 |

# O P I N I O N

On August 12, 2005, this court entered an Opinion (#216) after receiving the positions of counsel regarding how this matter should proceed after a remand from the Seventh Circuit Court of Appeals. In that Opinion, this court ordered Defendant Rent-A-Center (RAC) to make a diligent search of its Illinois stores, offices of district and regional managers with authority over stores in Illinois, corporate headquarters and storage facilities to find the results of the Management Test scores of Illinois RAC employees and narratives and any copies thereof and remove the Management Test scores and narratives for its Illinois employees from its Illinois stores, from its district and regional managers' offices, from corporate headquarters and from storage. This court further ordered RAC to destroy the Management Test results and not consider the scores or narratives in making any employment decision for its Illinois employees. However, this court allowed Plaintiffs ten days from

the entry of that order to object to the destruction of documents if Plaintiffs felt they needed access to these documents for the present litigation. RAC was ordered not to destroy the documents prior to that time.

On August 22, 2005, Plaintiffs filed their Objections (#217). Plaintiffs contend the documents reflecting the results of Management Test scores are evidence of both pattern and practice discrimination and an intentional violation of the ADA. As such, this is evidence Plaintiffs seek to use in the upcoming trial on Plaintiff Stephen Karraker's termination claim. Plaintiffs further indicate they intend to appeal this court's decision not to amend the class certification order entered in this case on February 17, 2004, by modifying the class definition to include, not only all Illinois employees who took the APT Management Test, but also all persons who were denied the opportunity to receive promotions as a result of Defendant RAC's use of the APT Management Test.[1] Plaintiffs contend this evidence would be "primary evidence" in any ultimate class action. This court abides by its previous decision that these documents should ultimately be destroyed. However, the court does believe Plaintiffs should have access to the documents if they believe they are necessary for the present litigation and any future appeal. The parties are encouraged to reach an agreement on how these documents should be preserved for the purposes of litigation. If the parties are unable to reach an agreement, both parties should file their position on this matter by September 9, 2005.

Plaintiffs also ask this court to reconsider its decision that Plaintiffs Michael and Christopher

---

[1] In their Objections, Plaintiffs state that this court indicated it did not have jurisdiction to amend the class certification. This is an inaccurate statement. What this court did state is that judgment was entered in favor of RAC and against Karraker on his failure to promote claim in February 2004, thus denying class certification on that claim. Plaintiffs did not file a motion to reconsider that order, nor did Plaintiffs challenge the scope of class certification on appeal after final judgment was entered in this case on June 2, 2004. This court found that it was "far too late" for Plaintiffs to seek a modification at this time when they had every opportunity to do so at an earlier time and present this issue to the Seventh Circuit Court of Appeals.

Karraker not be compensated as class representatives in this matter. This court found that neither of these plaintiffs prevailed on any claims on which they were class representatives. In asking for reconsideration, Plaintiffs have cited no case law indicating that Plaintiffs who were not named as class representatives should be entitled to compensation as if they were class representatives. Accordingly, this court finds no reason to reconsider its prior ruling.

IT IS THEREFORE ORDERED:

(1) The court finds Plaintiffs should have access to the Management Test results if they believe they are necessary for the present litigation and any future appeal. The parties are encouraged to reach an agreement on how these documents should be preserved for the purposes of litigation. If the parties are unable to reach an agreement, both parties should file their position on this matter by September 9, 2005.

(2) To the extent Plaintiffs' Objections seek reconsideration of this Court's August 12, 2005, Opinion, such reconsideration is DENIED.

(3) This matter remains set for a telephone status conference on August 26, 2005, at 10:00 a.m. to set a trial date on Karraker's termination claim.

ENTERED this 23rd day of August, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE