**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

|   |   |   |
|---|---|---|
| STEVEN L. KARRAKER, MICHAEL A. KARRAKER, and CHRISTOPHER M. KARRAKER, | ) ) ) ) |   |
|  | ) |   |
| Plaintiffs, | ) |   |
|  | ) |   |
| v. | ) | No. 02-2026 |
|  | ) |   |
| RENT-A-CENTER, INC., J. ERNEST TALLEY, and ASSOCIATED PERSONNEL TECHNICIANS, | ) ) ) ) |   |
|  | ) |   |
| Defendants. | ) ) |   |

**O P I N I O N**

This matter is before the court on remand from the Seventh Circuit Court of Appeals. By way of background, on May 7, 2004, this court entered an Order (#183) granting summary judgment in favor of Defendants on all of Plaintiffs' claims except for a claim for wrongful termination under the Americans with Disabilities Act brought by Steven Karraker against Defendant Rent-A-Center (RAC). The parties subsequently submitted a Stipulation (#185) dismissing Karraker's termination claim. Plaintiffs appealed this court's summary judgment decision, and the Seventh Circuit affirmed in part and reversed and remanded in part. In an Opinion (#216) entered August 12, 2005, this court re-opened Karraker's termination claim by agreement of the parties. On September 12, 2005, RAC filed a Motion for Summary Judgment (#223) arguing that Karraker's termination claim should be dismissed based upon the doctrine of judicial estoppel because, according to RAC, Karraker

fraudulently concealed his termination claim during the course of a bankruptcy proceeding. The matter is now fully briefed. For the reasons that follow, the Motion for Summary Judgment is GRANTED.

## FACTS

Karraker first alleged his wrongful termination claim under the ADA in his second amended complaint filed with this court on January 8, 2003. Karraker sought significant money damages, including past and future lost wages and benefits, damages for "embarrassment and humiliation," and punitive damages. Subsequently, Karraker filed a voluntary petition for chapter 13 bankruptcy with the United States Bankruptcy Court for the Central District of Illinois on February 17, 2004. In the months leading up to and following Karraker's bankruptcy filing, Karraker's wrongful termination claim was proceeding in this court with the parties engaging in discovery and a number of motions being filed.

In connection with his bankruptcy case, Karraker was required to file a statement of financial affairs which mandates the debtor list "all suits and proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." Karraker listed a foreclosure case, but did not list the instant case. In addition, Karraker filed a schedule of personal property with the bankruptcy court. Item 20 required Karraker to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." Karraker indicated he had no such claims. Karraker made these representations under penalty of perjury.

The bankruptcy court subsequently issued a chapter 13 plan containing a schedule of payments. Within six months after issuance of the plan, Karraker defaulted on his plan payments.

On March 11, 2005, the bankruptcy court dismissed the case and issued a final decree. Karraker did not disclose his claims in the instant case to the bankruptcy court at any time during the pendency of the bankruptcy proceedings.

## ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir. 1988).

Judicial estoppel is "an equitable doctrine invoked by a court at its discretion." New Hampshire v. Maine, 532 U.S. 742, 750 (2001). The purpose of the doctrine is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Maine, 532 U.S. at 743. The doctrine serves to "prevent litigants from playing fast and loose with the courts" and is "intended to prevent the perversion of the judicial process." In re Cassidy, 892 F.2d 637, 641 (7th Cir. 1990). In the Seventh Circuit, in order for judicial estoppel to apply "(1) the latter position must be clearly inconsistent with the earlier position; (2) the facts at issue must be the same in both cases; and (3) the party to be estopped must

have prevailed upon the first court to adopt the position." Urbania v. Central States, 421 F.3d 580, 589 (7th Cir. 2005).  While the Seventh Circuit has not yet examined the situation presented in the instant case, many other courts have held that a debtor who knew of but fails to disclose a claim in a bankruptcy proceeding is thereafter barred from asserting the claim in a subsequent action.  See Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600-01 (5th Cir. 2005); In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004); De Leon v. Comcar Indus., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003); Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001);  In re Coastal Plains, 179 F.3d 197, 210-13 (5th Cir. 1999); Payless Wholesale Distrib. v. Alberto Culver Inc., 989 F.2d 570, 571-72 (1st Cir. 1993); Hay v. First Interstate Bank of Kalispell, 978 F.2d 555, 557 (9th Cir. 1992); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419-20 (3rd Cir. 1988).

This court concludes that judicial estoppel bars Karraker from asserting his termination claim against RAC in this action.  Karraker did not disclose the instant claim to the bankruptcy court on either his statement of financial affairs or his schedule of personal property.  Karraker was obviously aware of the need to list pending litigation because he listed a lawsuit filed against him on his statement of financial affairs.  On his schedule of personal property, Karraker indicated he had "None" when asked regarding contingent monetary claims.  The instant case was proceeding at the time Karraker made these representations.  In fact, Karraker filed a motion for partial summary judgment in the instant case on the same day he filed his voluntary petition for bankruptcy.

In his response to the motion for summary judgment, Karraker makes a number of arguments as to why judicial estoppel should not apply in this case.  First, Karraker asserts no creditors were harmed when he failed to disclose this pending litigation.  However, even if this court were to assume this fact as true in the absence of any evidence submitted in support of this position, the

purpose of the judicial estoppel doctrine is to protect the integrity of the courts rather than litigants. Cassidy, 892 F.2d at 641. Therefore, the effect of Karraker's misrepresentation on his creditors has no bearing on the application of judicial estoppel.

Karraker further argues the doctrine should not apply because he did not obtain a successful result in the bankruptcy matter. While this argument is tenuous at best because the bankruptcy case was dismissed due to Karraker's own failure to comply with the plan, it is not necessary that Karraker prevail in the prior litigation in order for judicial estoppel to apply. Cassidy, 892 F.2d at 641. Rather, it is sufficient that the bankruptcy court "accept the debtor's assertion by relying on the debtor's nondisclosure of potential claims," even if the bankruptcy case is later dismissed. Hamilton, 270 F.3d at 784. This element was satisfied in the instant case when the bankruptcy court approved Karraker's chapter 13 plan where Karraker had not disclosed the pending wrongful termination claim.

Finally, Karraker argues judicial estoppel should not apply because he hastily filed his bankruptcy petition and RAC has provided no proof of intentional concealment of his wrongful termination claim. Karraker has presented no evidence regarding his claim that he filed his bankruptcy petition hastily, and Karraker could have amended his bankruptcy petition at any time prior to its dismissal to include the instant claim. Furthermore, there is no requirement that RAC prove intentional concealment. Rather, intentional manipulation can be inferred from the record. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1287 (11th Cir. 2002). Courts have found "'the debtor's failure to satisfy [his] statutory disclosure duty is inadvertant only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" Burnes, 291 F.3d at 1287, quoting Coastal Plains, 179 F.3d at 210. It is apparent from the record

Karraker was aware of the instant claim at the time he filed his bankruptcy petition, and Karraker had motive to conceal this claim from his creditors. Accordingly, based on the doctrine of judicial estoppel, summary judgment is appropriate on Karraker's wrongful termination claim.

IT IS THEREFORE ORDERED:

(1) Defendant RAC's Motion for Summary Judgment (#223) is GRANTED.

(2) Defendant RAC's Motion to Clarify Limitation on Pre-Trial Discovery (#227), Motion to Cite Additional Authority (#236), and Motion in Limine (#238) are denied as MOOT.

(3) The final pretrial conference scheduled in this matter for November 18, 2005, and the jury trial scheduled to begin November 28, 2005, are VACATED.

(4) This case is terminated.

(5) Plaintiff is allowed 30 days from the entry of this order to file any appropriate motions for fees and for Steven Karraker's compensation for representation of the class on his claim that the APT is a prohibited medical examination under the ADA. Defendant RAC is allowed 30 days to respond to these motions.

ENTERED this 7th day of November, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE