**E-FILED**
Friday, 19 May, 2006  11:26:33 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **STEVEN L. KARRAKER, MICHAEL A. KARRAKER, and CHRISTOPHER M. KARRAKER,** | ) ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 02-2026** |
| | ) | |
| **RENT-A-CENTER, INC., J. ERNEST TALLEY, and ASSOCIATED PERSONNEL TECHNICIANS,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## O P I N I O N

This matter is before the court on Plaintiffs' Petition for Attorney Fees and Costs (#249) and Plaintiffs' Motion to Set Compensation for Steven Karraker (#255). For the reasons that follow, Plaintiffs' Petition for Attorney Fees is DENIED and Plaintiffs' Motion to Set Compensation (#255) is GRANTED.[1]

### BACKGROUND

On January 28, 2002, Plaintiffs Steven L. Karraker, Michael A. Karraker, and Christopher M. Karraker, filed a Complaint (#1) against Rent-A-Center (RAC) and J. Ernest Talley. On March

---

[1] Plaintiffs' have also filed a Motion to Strike All References to Settlement and Settlement Communications Contained in Defendant's Response to Plaintiffs' Petition for Attorney Fees and Costs (#259). Because this court has not considered these references in ruling on the Petition, the Motion to Strike is denied as MOOT.

22, 2002, Plaintiffs filed an Amended Complaint (#4) and added Associated Personnel Technicians (APT) as a Defendant.  In their Amended Complaint, Plaintiffs sought to initiate a class action lawsuit against Defendants alleging that RAC required all employees or outside applicants seeking management positions to submit to a battery of nine separate written tests.  This battery of tests was commonly referred to as the Management Test.  One of the individual exams included in the Management Test was the Minnesota Multiphasic Personality Inventory (MMPI).  The MMPI is a psychological test used by psychologists to diagnose and treat individuals with abnormal psychological symptoms and personality traits.  Plaintiffs further alleged that RAC sent the completed Management Test answer sheets to APT, which scored the tests and prepared a two-page psychological profile on each tested employee.

On January 8, 2003, this court entered an Order (#70) granting Plaintiffs' Motion to File a Second Amended Complaint adding claims based upon the Americans with Disabilities Act (ADA). Plaintiffs' Second Amended Complaint (#72) was filed on January 8, 2003.  The Second Amended Complaint included a Count II brought by Steven Karraker ("Karraker") against RAC based upon the ADA.  Karraker was the only named Plaintiff in the ADA count because he was the only Plaintiff who filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  Karraker alleged that he was employed by RAC from September 1997 to March 2001. Karraker alleged that he took the Management Test in 1997 and 1999.  He was not promoted following taking the test.  Karraker also alleged that he was fired on March 15, 2001, in retaliation for protesting the Management Test and because of the results of the Management Tests he took. Karraker further stated that he was bringing the action on behalf of himself and all other persons similarly situated.        Subsequently, Plaintiffs filed a Motion to Certify Class (#99) and RAC filed

a Motion for Partial Summary Judgment (#106).      On February 17, 2004, this court entered an Order (#151) granting in part and denying in part RAC's Motion for Partial Summary Judgment. Summary judgment was entered in favor of RAC on Karraker's ADA claims of denial of promotions and retaliatory discharge.   Karraker's claims based upon discriminatory termination and administration of the Management Test remained pending.  This court also granted in part and denied in part Plaintiffs' Motion to Certify Class.  Along with certain state law claims, a class was certified as to Karraker's ADA claim based upon the administration of the Management Test.  The class was defined as, "All past and present employees of Defendant RAC in Illinois who took the APT Management Test."  Class certification was denied as to Karraker's claim of denial of promotions in violation of the ADA because that claim was untimely.

Plaintiffs and Defendants both subsequently filed motions for summary judgment.  On May 7, 2004, this court entered an Order (#183) granting summary judgment in favor of Defendants on all of Plaintiffs' claims except for Karraker's termination claim.  The parties subsequently submitted a Stipulation (#185) dismissing Karraker's termination claim.  An appeal followed in which Plaintiffs argued this court erred in finding the use of the MMPI did not violate the ADA, dismissing Karraker's failure to promote claim, and dismissing Karraker's state law claim of public disclosure of private facts.  The Seventh Circuit Court of Appeals issued its decision on June 14, 2005, affirming the dismissal of Karraker's failure to promote claim and Plaintiffs' public disclosure of public facts claim while reversing and remanding so summary judgment could be entered in favor of Plaintiffs on their claim that the MMPI is a medical examination under the ADA.

On July 11, 2005, this court entered a text order re-opening this matter and granting summary judgment in favor of Plaintiffs on their claim that the MMPI is a medical examination under the

ADA.  Plaintiffs requested that all APT Management test results be destroyed by Defendant RAC as a result of this ruling.  Defendant RAC consented to this relief.  Pursuant to this court's order, Defendant RAC filed a Certificate of Compliance (#267) on February 3, 2006, indicating that all APT Management Test results had been destroyed.  Finally, on September 12, 2005, Defendant RAC filed a second Motion for Summary Judgment (#223) on Karraker's wrongful termination claim. This court granted that motion in an Opinion (#240) entered November 7, 2005.  Plaintiffs were allowed thirty days to file a petition for fees and for Karraker's compensation as class representative following that ruling.

ANALYSIS

In their petition for attorney fees, Plaintiffs seek an award of attorney fees in the amount of $267,023.75.  Under the Americans with Disabilities Act, a court may award reasonable attorney's fees to a prevailing party.  42 U.S.C. § 12205.  "A party prevails in litigation 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'"  Krocka v. City of Chicago, 203 F.3d 507, 517 (7th Cir. 2000), quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1989).

In determining whether Plaintiffs are prevailing parties in this litigation, the court finds instructive the case of Barnes v. Broward County Sheriff's Office, 190 F.3d 1274 (11th Cir. 1999). In that case, plaintiff Barnes sued the defendant County alleging he was denied a job due to a perceived disability and due to his age.  Barnes also sought injunctive relief under the ADA to prohibit the defendant from conducting pre-employment psychological examinations.  Barnes, 190 F.3d at 1276.  The district court granted summary judgment to the defendant on Barnes' discrimination claims.  With regard to Barnes' claim regarding use of the psychological test, the

-4-

district court found in favor of Barnes and permanently enjoined the defendant from conducting pre-employment psychological evaluations.  Despite this ruling, Barnes was found not to be a prevailing party.  In affirming the district court's denial of fees, the Eleventh Circuit Court of Appeals stated, "[d]espite the fact that the court granted injunctive relief with respect to the County's use of pre-employment psychological testing, there is neither evidence that this change in policy affected the relationship between Barnes and the County at the time judgment was rendered, nor any indication that Barnes directly benefitted from the injunction." Barnes, 190 F.3d at 1278.  The court further stated, "the fact that Barnes conceivably could benefit from the court's order prohibiting the referenced examinations if he ever chose in the future to re-apply to the Sheriff's office for a job is not adequate to render him a prevailing party with respect to this litigation." Barnes, 190 F.3d at 1278.  See also Frey v. Alldata Corp., 895 F. Supp. 221, 225 (E. D. Wis. 1995) ("Injunctive relief satisfies the prevailing party requirement only when that relief affects the defendant's relationship to the plaintiff.").

In the instant case, RAC had ceased administering the Management Test before Plaintiffs filed the instant action. Therefore, the only success attained by Plaintiffs was a ruling that the MMPI is a medical examination under the ADA. The resulting injunctive relief was the removal of the APT test results from RAC's employee personnel files.  However, as the Seventh Circuit Court of Appeals noted in its opinion, the test results were kept in a filing cabinet in personnel files.  Anyone who desired to see the records needed permission from someone in the payroll department.  The filing cabinet was locked.  At the time the records were ordered destroyed they had been moved to a locked room.  There is no indication in the record that there was a threat these test results could be disclosed to third parties or that they were used any longer in promotion decisions by RAC.

-5-

Accordingly, this court concludes that Plaintiffs' success on their ADA claim was de minimis and insufficient to support prevailing party status.  See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782,  792 (1989).

Plaintiffs have also filed a Motion to Set Compensation for Steven Karraker (#255) as Class Representative.  Plaintiffs seek compensation in the amount of $5,000.  Defendant RAC has not filed a response to this motion.  Pursuant to Local Rule 7.1(B)(1) of the Central District of Illinois, if no response is filed the court will "presume there is no opposition and may rule on the motion without further notice to the parties."  In the absence of a response from Defendant, this court finds the amount of compensation requested by Karraker reasonable.  Therefore, Plaintiffs' Motion to Set Compensation for Steven Karraker is GRANTED.

IT IS THEREFORE ORDERED:

(1)  Plaintiffs' Petition for Attorney Fees and Costs (#249) is DENIED.

(2)  Plaintiffs' Motion to Set Compensation for Steven Karraker (#255) is GRANTED. Steven Karraker is awarded $5,000 in compensation as class representative.

(3) Plaintiffs' Motion to Strike (#259) is denied as MOOT.

ENTERED this 19th day of May, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE